

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| AMBULATORY SURGERY FOUNDATION, ) <br> ) <br> AMBULATORY SURGERY CENTER, ) <br> ) <br> and ) <br> ) <br> 1012 CAMERON, LLC, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROBERT HALF INTERNATIONAL INC. ) <br> ) <br> and ) <br> ) <br> ACCOUNTEMPS, ) <br> ) <br> Defendants. ) | File No. 1:10cv733 CMH/TRJ |

## NOTICE OF REMOVAL

Defendants Robert Half International Inc. ("Robert Half") and Accountemps (collectively "Defendants"), by counsel and pursuant to 28 U.S.C. § 1441 et seq., respectfully move this Court to remove this action from the Circuit Court for the City of Alexandria to the United States District Court for the Eastern District of Virginia, Alexandria Division, on the following grounds:

**I.   INTRODUCTION**

1. On January 11, 2010, Ambulatory Surgery Foundation, Ambulatory Surgery Center Association, and 1012 Cameron, LLC (collectively "Plaintiffs"), by counsel, filed a Complaint against Defendants in the Circuit Court for the City of Alexandria (Case No. CL10-

001095). Counsel for the Defendants accepted service on June 11, 2010. A true and exact copy of the Complaint is attached hereto as Exhibit A.

2. The Complaint alleges Breach of Contract, Negligent Hiring, and two counts of Negligence. Plaintiffs seek damages in the amount of $415,000.00.

## II. **GROUNDS FOR REMOVAL**

3. Plaintiffs are, upon information and belief, citizens of the Commonwealth of Virginia. Complaint ¶¶ 2-6.

4. Robert Half is incorporated under the laws of Delaware, and its principal place of business is in Menlo Park, California.

5. For purposes of removal and this Court's subject-matter jurisdiction, complete diversity of citizenship exists between Plaintiffs and Robert Half. See 28 U.S.C. § 1441.

6. The only non-diverse Defendant, according to Plaintiffs, is Accountemps. Complaint ¶ 8. However, as discussed further in Section III, infra, Plaintiffs have fraudulently joined Accountemps in an effort to defeat diversity jurisdiction, and, therefore, Accountemps' citizenship should be disregarded for purposes of determining this Court's original jurisdiction.

7. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Removal of this action to this Court is proper pursuant to the provisions of 28 U.S.C. § 1441 because this is a civil action, the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and it is between citizens of different states.

8. This notice has been timely filed under the provisions of 28 U.S.C. § 1446(b), having been filed within thirty (30) days following service on Defendants.

9. A true and exact copy of this Notice of Removal, with attachments, will be promptly filed with the clerk of the Circuit Court for the City of Alexandria and served upon counsel for Plaintiffs as required by 28 U.S.C. § 1446(d).

## III. FRAUDULENT JOINDER OF DEFENDANT ACCOUNTEMPS

10. Fraudulent joinder of a defendant exists if the plaintiff fails to state a claim upon which relief can be granted against the nondiverse defendant. See Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999) (noting that if a plaintiff "cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor, the joinder of such party is deemed fraudulent and does not defeat diversity for federal jurisdictional purposes") (internal citation omitted). With respect to Accountemps, the only nondiverse Defendant in this case, Plaintiffs do not and cannot establish a cause of action against it.

12. Specifically, Plaintiffs fail to state a viable claim against Accountemps because it is not a separate, legal entity. Rather, Accountemps is an assumed or fictitious name for Robert Half as it operates in Alexandria, Virginia. A true and exact copy of Accountemps' Certificate of Assumed or Fictitious Name and a letter from the State Corporation Commission acknowledging receipt thereof are attached hereto as Exhibits B and C.

13. "It seems to be recognized that suit brought by or against a corporation should be in the true name of the corporation." Leckie v. U.S. Seal, 161 Va. 215, 226, 170 S.E.844, 848 (1933). A judgment obtained against an assumed or fictitious name is unenforceable, as it was obtained against a non-existent corporation. Id. at 225, 170 S.E. at 847. Moreover, the judgment cannot be enforced against the actual corporate entity. See id. at 225-226, 170 S.E. at 847-848. See also Harvey v. Mechanical Air Services, Inc. t/b/a Mr. Comfort, 69 Va. Cir. 214 (Norfolk 2005) (stating that suit must be filed against the corporation itself, not the corporation's trade

name or a similar name); <u>Bryant v. Rorer, d/b/a Mostly Sofa's</u>, 66 Va. Cir. 226 (Roanoke 2004) (noting that the proper defendant is the actual corporation, not the trade name of the corporation).

14. Accordingly, because the assumed or fictitious name of a corporation is not a legal entity that can sue or be sued, Plaintiffs have failed to state a claim upon which relief can be granted as a matter of law. Robert Half, who is already before the Court, is the proper subject of Plaintiffs' suit and is the only entity from whom Plaintiffs can recover. Since Plaintiffs cannot establish a claim against Accountemps, its citizenship cannot defeat this Court's diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Defendants, by counsel, respectfully request that the Court remove this case from the Circuit Court for the City of Alexandria to the United States District Court for the Eastern District of Virginia, Alexandria Division.

This 28th day of June, 2010.

Respectfully submitted,

**ROBERT HALF INTERNATIONAL, INC.**

By: _____
Counsel

Steven D. Brown, Esquire (VSB No. 42511)
Alison D. Stuart, Esquire (VSB No. 77368)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
(804) 783-7516 Telephone
(804) 783-7616 Facsimile
*Counsel for Robert Half International Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent via electronic mail and first class mail on this 28th day of June, 2010, postage prepaid, to:

>Jackson D. Toof, Esquire
>ARENT FOX LLP
>1050 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>*Counsel for Plaintiffs*

By: _____
　　　　　　　　　Counsel

Alison D. Stuart, Esquire (VSB No. 77368)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
951 East Byrd Street, 8th Floor
Richmond, Virginia 23219
(804) 783-7516 Telephone
(804) 783-7616 Facsimile
*Counsel for Robert Half International Inc.*